UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHEN COLBY BLACKMON, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 5:11-cv-00524-RBP-HGD |
| OFFICER WATKINS, et al., | ) |
| Defendants | ) |

**O R D E R**

The magistrate judge filed a report and recommendation on February 28, 2012, recommending that the special report of defendants Officer Derrick Watkins, Officer Michael Conklin, and Officer Kelly Cantrell be treated as a motion for summary judgment and, as such, that the motion be denied. On March 13, 2012, defendants filed objections to the magistrate judge's report and recommendation.

In their objections, defendants aver that the finding that plaintiff is incarcerated at the Madison County Jail in Huntsville, Alabama, is incorrect, inasmuch as plaintiff notified the court on June 8, 2011, that he had been transferred to Kilby Correctional Facility and on September 6, 2011, that he had been transferred to Fountain Correctional Facility. They assert that the magistrate judge thus should have

addressed their argument that plaintiff's claims for injunctive relief had been rendered moot by his transfer out of the Madison County Jail. The court finds that plaintiff's transfer has rendered moot his claims for declaratory and injunctive relief. *See Spears v. Thigpen*, 846 F.2d 1327 (11th Cir. 1988); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Defendants also take issue with the magistrate judge's recommendation that plaintiff's claim of excessive force be allowed to proceed because plaintiff did not file a response to their motion for summary judgment and sworn affidavits, and the failure of the magistrate judge to find that plaintiff's claims against defendants are barred by qualified immunity. However, plaintiff's complaint in this action was sworn to and signed under penalty of perjury. As such, the court must treat the sworn complaint as an affidavit. *See, eg., Fischer v. Ellegood*, 238 Fed.Appx. 428 (11th Cir. June 6, 2007) (sworn statement in *pro se* inmate's complaint which contradicted defendants' affidavits created genuine issue of material fact); *Green v. Mowery*, 212 Fed.Appx. 918 (11th Cir. Dec. 28, 2006) ("We may consider the plaintiff's sworn complaint as proof in a challenge to the grant of the defendant's motion for summary judgment."); *Washington v. Dugger*, 860 F.2d 1018, 1019 (11th Cir. 1988). In addition, *pro se* litigants are held to less stringent standards than lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson*

*v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). The factual allegations by plaintiff in his sworn complaint directly contradict the factual allegations made by defendants in their affidavits. Therefore, there exist genuine issues of material fact about the incident in question that preclude the grant of summary judgment in defendants' favor. Further, the Eleventh Circuit has held that the defense of qualified immunity is not available in civil rights lawsuits alleging excessive force in violation of Eighth Amendment; therefore, summary judgment on the grounds of qualified immunity is not appropriate. *See Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002).

Defendants also object to the inclusion of the following language in the report and recommendation: "On December 7, 2011, the plaintiff filed a motion for extension of time to obtain witness testimony. The plaintiff included information in that motion about the testimony the witnesses would give, which the court will consider in response to the defendants' special report." Despite this language, a review of the report and recommendation makes it clear that no potential witness testimony other than plaintiff's was actually considered or cited in deciding the summary judgment motion.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and defendants' objections thereto, the

---

[1] Plaintiff also identified these inmates as witnesses in his complaint.

court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED, with the exception of the plaintiff's claims for declaratory and injunctive relief.

Accordingly, the special report of defendants Officer Derrick Watkins, Officer Michael Conklin, and Officer Kelly Cantrell will be treated as a motion for summary judgment. The motion for summary judgment is due to be and hereby is GRANTED as to plaintiff's claims for declaratory and injunctive relief. The motion for summary judgment is due to be and hereby is DENIED in all other respects, and this action is ALLOWED TO PROCEED to a jury trial against Officers Cantrell, Watkins, and Conklin on the issue of whether their actions against Stephen Colby Blackmon violated the Eighth Amendment proscription against cruel and unusual punishment.

Defendants also have filed a Motion to Strike (Doc. 36), asking the court to strike plaintiff's motion for discovery (Doc. 31) to the extent the motion would be considered by the Court to be an affidavit or declaration. Because the court has not actually considered the motion as an affidavit or declaration, defendants' Motion to Strike is MOOT.

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff and upon counsel for the defendants.

DONE this 21st day of March, 2012.

/s/ Robert B. Propst

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE